UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY L. CHATMAN,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        No. 4:05 CV 2325 DDN
                                    )
MICHAEL J. ASTRUE,[1]               )
Commissioner of Social Security,    )
                                    )
            Defendant.              )

## MEMORANDUM

This action is before the court for judicial review of the final
decision of the defendant Commissioner of Social Security denying the
applications of plaintiff Gary L. Chatman for supplemental security
income benefits based on disability under Title XVI of the Social
Security Act (the Act), 42 U.S.C. § 1381, et seq.  The parties have
consented to the authority of the undersigned United States Magistrate
Judge pursuant to 28 U.S.C. § 636(c).

## 1.  Background

On August 9, 2004, plaintiff applied for benefits, alleging he
became disabled on August 15, 2003, at the age of 51, due to chronic
back pain, high blood pressure, and high cholesterol.  (Tr. 46, 55,
113.)

Following an evidentiary hearing on March 8, 2005, an
administrative law judge (ALJ) denied benefits.  (Tr. 11-19.)  Because
the Appeals Council denied review of the ALJ's decision, it became the
final decision of the Commissioner for review in this action.  (Tr. 3-
5.)

---

[1]Michael J. Astrue became the Commissioner of Social Security on
February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of
Civil Procedure, he is substituted as defendant in this action.  42
U.S.C. § 405(g).

## 2. General Legal Principles

The court's role on judicial review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); <u>Pelkey v. Barnhart</u>, 433 F.3d 575, 577 (8th Cir. 2006). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." <u>Id.</u> In determining whether the evidence is substantial, the court considers evidence that detracts from, as well as supports, the Commissioner's decision. <u>See</u> <u>Prosch v. Apfel</u>, 201 F.3d 1010, 1012 (8th Cir. 2000). So long as substantial evidence supports that decision, the court may not reverse it merely because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. <u>See</u> <u>Krogmeier v. Barnhart</u>, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least 12 months. <u>See</u> 42 U.S.C. § 1382c(a)(3)(A). A five-step regulatory framework governs the evaluation of disability in general. 20 C.F.R. § 404.1520; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987) (describing the five-step process); <u>Fastner v. Barnhart</u>, 324 F.3d 981, 983-84 (8th Cir. 2003). If the Commissioner finds that a claimant is disabled or not disabled at any step, a decision is made and the next step is not reached. 20 C.F.R. § 404.1520(a)(4).

The ALJ determined that plaintiff was unable to perform his past relevant work, but that he did retain the residual functional capacity (RFC) to perform a wide range of light work. Therefore, the burden shifted to the Commissioner to show that there is work plaintiff can do in the national economy. <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1219 (8th Cir. 2001).

### 3. The ALJ's Decision

In the decision denying benefits, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Plaintiff suffered from lumbar degenerative disc disease and degenerative joint disease with low back pain, and obesity. The ALJ found that plaintiff had no limits on his daily living due to a mental impairment. The ALJ found that plaintiff retained the RFC to perform a wide range of light work:

> Light exertional work requires a maximum lifting of 20 pounds; the frequent lifting of 10 pounds; and, the ability to stand/walk for 6 out of 8 hours. In addition, the claimant is limited to occasionally performing stooping and crouching movements.

(Tr. 18-19.)

The ALJ noted that plaintiff's high blood pressure and cholesterol were controlled by medications and he did not seek medical assistance for his alleged mental problems. He had no limits on his daily activities due to a mental problem. (Tr. 14.)

The ALJ considered plaintiff's subjective complaints of pain, but found them not credible. He had a poor work history, his complaints were inconsistent with the medical evidence, and there was no corroborating evidence of his symptoms and limitations. (Tr. 15-16.)

### 4. Plaintiff's Grounds for Relief

Plaintiff argues that the ALJ (1) failed to fully and fairly develop the record, and (2) failed to procure the testimony of a vocational expert.

### 5. Discussion

#### a. Develop the Record

Plaintiff argues that the ALJ failed to fully develop the record. He argues that there is no medical evidence on the record supporting the RFC attributed to him, and that the ALJ erred by not ordering a consultive exam. Plaintiff argues there was no treating physician who rendered any opinion about his limitations.

-3-

Defendant argues that there were tests and medical evidence on the record that showed plaintiff's back condition was mild in nature.

The RFC is "the most [a claimant] can still do despite" his or her "physical or mental limitations." 20 C.F.R. § 416.945(a). When determining plaintiff's RFC, the ALJ must consider "all relevant evidence" but, ultimately, the determination of the plaintiff's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). As such, the determination of plaintiff's ability to function in the workplace must be based on some medical evidence. Id.; see also Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). "If there is no such evidence, the ALJ's decision 'cannot be said to be supported by substantial evidence.'" Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (quoting Frankl v. Shalala, 47 F.3d 935, 937-38 (8th Cir. 1995)).

The ALJ has a duty to fully develop the record. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). However, "that duty arises only if a crucial issue is underdeveloped." Id. The ALJ may order a consultive examination when additional evidence is needed to render an opinion. 20 C.F.R. § 416.919a. An ALJ does not have to order a consultive exam if the evidence on the record is sufficient to determine the existence of a disability. Matthews v. Bowen, 879 F.2d 422, 424-25 (8th Cir. 1989).

Here, the ALJ noted in the opinion that there was no medical evidence of plaintiff's limitations. (Tr. 16.) Further, there is no opinion by any physician opining on his ability to stoop, crouch, sit, or stand. The ALJ did not fully discuss plaintiff's medical records, including the fact that doctors routinely prescribed medication, and that he visited an emergency room on one occasion for the pain.[2] At most, the ALJ mentions plaintiff's MRI results (Tr. 13.)[3], but the ALJ

---

[2]From December 2003 until May 2005, plaintiff visited St. Louis Connect Care several times complaining of back pain. He was prescribed prescription pain killers on many occasions. (Tr. 124-25, 140-44, 152-54, 183-85, 188-89.) Plaintiff also visited the emergency room for back pain on August 2, 2004. (Tr. 131-38.)

[3]On May 27, 2005, an MRI of plaintiff's lumbar spine showed degenerative disc disease most pronounced at the L4-5, with a mild bulging disc. He had no spinal canal stenosis and no nerve root

cannot infer from these results how plaintiff is limited.  The ALJ "may not draw upon his own inferences from medical reports." <u>Nevland</u>, 204 F.3d at 858 (no medical evidence on how plaintiff's condition affects his ability to function).

There was no treating physician opinion, because plaintiff was treated by several different doctors every time he visited the free clinic at St. Louis Connect Care.  There is no medical evidence on the record suggesting that plaintiff can, or cannot, do light work.  At most, the ALJ determined what plaintiff can do based on the subjective complaints that the ALJ found credible, but the RFC must be based on some medical evidence; if there is no such evidence, the RFC "cannot be said to be supported by substantial evidence." <u>Frankl</u>, 47 F.3d at 937-38.

Because there was no medical evidence on the record supporting the RFC attributed to plaintiff, the ALJ had a duty to order a consultive examination to fully develop the record and determine plaintiff's limitations.

### b.  Vocational Expert Testimony

Because the court has determined that there is not substantial medical evidence supporting the RFC attributed to plaintiff, the court cannot determine whether vocational expert testimony is necessary.

For these reasons, the decision of the Commissioner is reversed under Sentence Four of 42 U.S.C. § 405(g) and the case is remanded. Upon remand, the ALJ shall develop the record to acquire medical evidence to determine plaintiff's limitations and to make all other required determinations in the assessment of whether or not plaintiff is disabled.

---

compression.  (Tr. 188-89.)

An order in accordance with the memorandum is issued herewith.


                                  _____/S/ David D. Noce_____
                                    **DAVID D. NOCE**
                                    **UNITED STATES MAGISTRATE JUDGE**


Signed on March 16, 2007.